Robert P. Goe - State Bar No. 137019
Charity Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Lobby D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
rbello@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Proposed Attorneys for: Institute of Islamic Studies, Incorporated, a California
Nonprofit Corporation, Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**Institute Of Islamic Studies, Incorporated, a California Nonprofit Corporation**,<br><br>Debtor and Debtor-in-Possession, | Case No. **2:25-bk-10003-WB**<br><br>Chapter 11<br><br>**DEBTOR'S *EMERGENCY MOTION* TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF**<br><br>[FRBP 1007(c), LBR 1007-1(b), and LBR 9013-1(p)]<br><br>[No Hearing Required.  LBR 9013-1(p)] |

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE AND OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that Institute of Islamic Studies, Incorporated, a California Nonprofit Corporation (the "Debtor") requests for cause shown an extension of time to and including January 30, 2025, under *Federal Rule of Bankruptcy Procedure 1007(c), Local Bankruptcy Rule 1007-1(b) and Local Bankruptcy Rule 9013-1(p)* to file the following Case Opening Documents: (a) Schedules A/B, D, E/F, G, H; (b) its Summary of Assets and Liabilities; (c) List of Equity Security Holders; (d); Statement of Related Cases required by Local Bankruptcy Rule 1015-2; Statement of Financial Affairs; Disclosure of Compensation of Attorney for Debtors;

P a g e | **1**

and Verification of its Master Mailing List of Creditors (the "Case Opening Documents").

## I. INTRODUCTION

Debtor seeks a two-week extension of time to file its Case Opening Documents for cause as set forth herein. Debtor requests that the Court grant a two-week extension of time through and including January 30, 2025, for Debtor to file its Case Opening Documents.

## II. STATEMENT OF FACTS

Debtor filed its Voluntary Petition Under Chapter 11 of the Bankruptcy Code on January 2, 2025.

The last date for the Debtor to file the balance of its Case Opening Documents is January 16, 2025.

The Debtor owns and operated the private school at 3406 W. Jefferson Blvd, a Banquet Hall at 3420 West Jefferson Blvd., and vacant residential land (Accessors Parcel Number 5044-005-004) immediately behind the Jefferson Property on South Norton Avenue that is used for parking in Los Angeles, California since 1975.

Debtor has been an Islamic Center since its inception. Before September 11, 2001, Debtor operated an international school whereby it taught foreign students in grades K-12. Shortly after September 11, 2001, the federal government required all schools to be recertified to issue "Student F1 Visas". At the time of recertification, the Debtor only had Local Students in attendance. The recertification process required foreign students to be in attendance. Without the certification school could not issue "Student F1 Visas". Debtor also provided educational services for adults relating to Islamic studies and English and Arabic language teaching.

Debtor has an Islamic library and pre-Covid, was accessible publicly as a cultural gathering place. Debtor has also historically rented space for special events and parties.

Since Covid, the County of Los Angeles Department of Public Health restricted all public gatherings. Debtor's business activities at its Properties have halted and are not currently being held. Debtor has provided homeschooling services, telephonic Islamic teaching, and is planning to open an international online gifted school

A foreclosure sale of the Property was to be held on January 3, 2025.

1 2   The Debtor has substantially completed its compliance with the United States Trustee's 7-Day requirements.

3 4   The Debtor's Meeting of Creditors pursuant to Section 341(a) of the Bankruptcy Code ("341a Meeting") is set for February 4, 2025.

5 6   The Court has set a scheduling the Initial Chapter 11 Status and Case Management Conference for February 13, 2025.

7 8 9 10 11 12 13   Debtor and its counsel have been diligent in gathering all of the required information and documentation to prepare the Case Opening Documents. Despite Debtor's best efforts, additional time is required to compile the remaining information and documentation necessary to complete the Case Opening Documents pertaining to Debtor's assets and liabilities and pending litigation affecting Debtor's real property. As such, Debtor needs an additional two weeks to finalize and Debtor anticipates that no further extensions will be sought. Thus, if the extension is granted the Case Opening Documents will be filed at least five days before the 341a Meeting.

14  **III.    CAUSE EXISTS TO GRANT THE EXTENSION**

15 16   The Debtor seeks an extension of the deadline set forth under Rule 1007(c) of the Federal Rules of Bankruptcy Procedure ("Rule 1007(c)") to and including December 6, 2024.

17 18 19 20   Rule 1007(c) provides that the Debtor may seek an extension of the time limit set forth in Rule 1007(c) on motion for cause. Cause exists in this case because Debtor is gathering the required information and documentation necessary to prepare the Case Opening Documents. Debtor is working diligently to prepare and file the Case Opening Documents.

21 22   The Court has the Inherent Power to Extend the time for the Debtor to file the Balance of its Case Opening Documents. Section 105(a) of the Bankruptcy Code provides:

23 24 25 26 27   The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

28   In *United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1999), the Supreme Court

explained that the broad powers conferred by a § 105(a) are consistent with the "traditional understanding" that bankruptcy courts are courts of equity. While § 105(a) endows bankruptcy courts with broad equitable powers, § 105(a) may be exercised only in a manner consistent with the provisions of the Bankruptcy Code. See *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 199, 108 S.Ct. 963, 965 (1988).

In this case, an extension of the time to file for the Debtor to file the balance of the case opening documents is consistent with the Court's equitable powers and provisions of the Code. Under § 105(a)

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. *11 U.S.C. §105(a)*

Based on the reasons set forth herein, cause has been shown for an extension of the Debtor's deadline to file its Case Opening Documents and is warranted in this case. Debtor requests that the Court grant the Motion to extend the time in which the Debtor may file the balance of its Case Opening Documents to and including January 30, 2025.

**GOE FORSYTHE & HODGES LLP**

Dated: January 14, 2025

/s/ Robert P. Goe
By: Robert P. Goe
*Proposed* Attorneys for Institute of Islamic Studies, Incorporated, a California Nonprofit Corporation

4

**DECLARATION OF ROBERT P. GOE**

I, Robert P. Goe,

1. I am a partner with Goe Forsythe and Hodges LLP and proposed counsel to Institute of Islamic Studies, Incorporated, a California Nonprofit Corporation, Debtor and Debtor-in-Possession herein ("Debtor"). The following facts are known to me and if called as a witness I could and would competently testify thereto. This declaration is in support of Debtor's Exparte Motion to Extend Time to File Case Opening Documents.

2. The Debtor owns and operated the private school at 3406 W. Jefferson Blvd, a Banquet Hall at 3420 West Jefferson Blvd., and vacant residential land (Accessors Parcel Number 5044-005-004) immediately behind the Jefferson Property on South Norton Avenue that is used for parking (the "Property") in Los Angeles, California since 1975.

Debtor has been an Islamic Center since its inception. Before September 11, 2001, Debtor operated an international school whereby it taught foreign students in grades K-12. Shortly after September 11, 2001, the federal government required all schools to be recertified to issue "Student F1 Visas". At the time of recertification, the Debtor only had Local Students in attendance. The recertification process required foreign students to be in attendance. Without the certification school could not issue "Student F1 Visas". Debtor also provided educational services for adults relating to Islamic studies and English and Arabic language teaching.

Debtor has an Islamic library and pre-Covid, was accessible publicly as a cultural gathering place. Debtor has also historically rented space for special events and parties.

Since Covid, the County of Los Angeles Department of Public Health restricted all public gatherings. Debtor's business activities at its Properties have halted and are not currently being held. Debtor has provided homeschooling services, telephonic Islamic teaching, and is planning to open an international online gifted school

3. A foreclosure sale of the Property was to be held on January 3, 2025.

4. After unsuccessful negotiations with the Trustor the Debtor filed its Voluntary Petition on January 2, 2025.

5. The last date for the Debtor to file the balance of its Case Opening Documents is

1 | January 16, 2025.

2 |     6.    The Debtor's 341a Meeting is set for February 4, 2025.

3 |     7.    The Court has set a Scheduling Hearing and Case Management Conference for February 13, 2025.

    8.    Debtor has substantially completed its compliance with the United States Trustee's 7-Day requirements.

    9.    Debtor and my firm have been diligent in gathering all of the required information and documentation to prepare the Case Opening Documents. Despite Debtor's best efforts, additional time is required to compile the remaining information and documentation necessary to complete the Case Opening Documents pertaining to Debtor's assets and liabilities. As such, Debtor needs an additional two weeks to finalize and Debtor anticipates that no further extensions will be sought. Thus, if the extension is granted the Case Opening Documents will be filed prior to the 341a Meeting.

    10.    The Debtor seeks an extension of deadline set forth under 11 U.S.C § 521 to and including January 30, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration was executed on the 21st day of November 2024 at Irvine, California.

                                  /s/Robert P. Goe
                                  Robert P. Goe

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Suite 210, Building D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S EMERGENCY MOTION TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 14, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 14, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Institute of Islamic Studies
c/o Saad Aldin Alazzawi, Director
3420 W. Jefferson Blvd
Los Angeles, CA 90018

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 14, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 14, 2025 | Arthur E. Johnston | /s/ Arthur E. Johnston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |